09-1132-ag
Simoni v. Holder

BIA
Abrams, IJ
A077 353 685

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of March, two thousand ten.

PRESENT:
>    DENNIS JACOBS,
>            *Chief Judge*,
>    JOSEPH M. McLAUGHLIN,
>    GERARD E. LYNCH,
>            *Circuit Judges*.

_____

GENTIAN SIMONI,
>        *Petitioner*,

>    v.                                          09-1132-ag

>                                                NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Sokol Braha, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Blair T. O'Connor,
                       Assistant Director, Juria L. Jones,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Gentian Simoni, a native and citizen of Albania, seeks review of a March 4, 2009, order of the BIA, affirming the January 12, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gentian Simoni*, No. A077 353 685 (B.I.A. Mar. 4, 2009), *aff'g* No. A077 353 685 (Immig. Ct. N.Y. City Jan. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Although the IJ found that Simoni had suffered past persecution as a result of his association with the Democratic Party, he reasonably concluded that conditions in

2

Albania have changed sufficiently such that Simoni's fear of persecution is no longer objectively well-founded. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Hoxhallari v. Gonzales*, 468 F.3d 179, 184 (2d Cir. 2006). As the BIA explained, even though the Democratic Party was in power when Simoni was persecuted in 1996, the Democratic Party lost control in 1997 after a period of unrest, and returned to power after elections in 2005. The finding of substantially changed country conditions since 1996 is thus well-supported in the record. *See Hoxhallari*, 468 F.3d at 187. Furthermore, we find no support in the record for Simoni's argument that the IJ failed to consider all of the country conditions evidence in the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

Simoni further argues that the agency erred in failing to grant him humanitarian asylum based on the severity of the 1996 persecution. On appeal to the BIA, however, Simoni argued that the agency should grant him humanitarian relief based on incidents that occurred after 1996. The BIA did not reach this argument because it affirmed the IJ's rejection of the post-1996 allegations on credibility grounds. Thus, to the extent that Simoni now asserts that

he is eligible for humanitarian asylum based on his May 1996 persecution, we decline to review that unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123-24 (2d Cir. 2007).

Before this Court, Simoni again argues that the agency should have granted him humanitarian asylum based on the later incidents of persecution he alleged. Yet, even assuming his credibility, it is plain that Simoni did not suffer the type of "atrocious" persecution for which humanitarian asylum is reserved. *See Matter of Chen*, 20 I. & N. Dec. 16, 19-20 (BIA 1989); *see also Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007). Indeed, Simoni has never argued that he suffers the long-lasting physical or mental effects that would support humanitarian asylum. *See Jalloh*, 498 F.3d at 151.

Accordingly, the agency properly denied Simoni's application for asylum.

Because Simoni failed to challenge the IJ's denial of his applications for withholding of removal and CAT relief either before the BIA or this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk